**TAMPA & GULF COAST RAILROAD COMPANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 72-2158
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1972.

Joe K. Moore, Jacksonville, Fla., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Michael R. Frosch, Atty., Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In this petition to review a Tax Court decision, 56 T.C. 1393, we are called upon to decide whether the court properly considered a conglomerate's treatment of interest on a debt. The Tax Court's decision was adverse to the taxpayer which had inconsistently treated interest on a debt. We affirm because in our view the Tax Court properly closed a loophole which the conglomerate had opened.

The taxpayer, Tampa & Gulf Coast Railroad Company, owes most of the debt to its parent, Seaboard Coast Line Railroad Company, which controls Tampa through ownership of common stock. The taxpayer reports its income and ex-

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

penses on the accrual method, so the interest expense accrues annually. The problem is that the taxpayer has not actually paid any interest since 1930, and the principal has been overdue since 1953. It continues to take a deduction for the interest, including the tax years here involved from 1960 through 1964.

Unlike the cash method of accounting whereby payment is a prerequisite for deducting an expense, the accrual method ignores the time of payment and instead looks to the time the interest obligation matures. Internal Revenue Code section 163, 26 U.S.C. § 163(a) (1964), verifies this principle: "There shall be allowed as a deduction all interest . . . accrued within the taxable year on indebtedness." Tampa also refers to the general principle that an accrual method taxpayer's inability to pay interest obligations does not prevent deductibility. Fahs v. Martin, 5 Cir., 1955, 224 F.2d 387. We believe the principle gives away to the extreme circumstances in this case. *See* Mooney Aircraft, Inc. v. United States, 5 Cir., 1969, 420 F.2d 400, 410; Burlington-Rock Island R. R. v. United States, 5 Cir., 1963, 321 F.2d 817, 819; Gounares Bros. & Co. v. United States, 5 Cir., 1961, 292 F.2d 79, 84.

Seaboard has complete control over Tampa's payment of the interest, and even has control over Tampa's ability to raise the money to pay the interest. Tampa's sole source of income is the rental of property to Seaboard at a rate Seaboard sets. The rate appears to bear less of a relation to market value than it does to the deductions Tampa has to offset the income.

Tampa was hopelessly insolvent during the tax years here involved. Yet Seaboard did not foreclose and take a bad debt deduction under section 166(a), 26 U.S.C. § 166(a) (1964), because it is advantageous from a tax standpoint for the conglomerate to claim the interest deductions. The total possible bad debt deduction is the amount of the debt, $1,777,000. The total possible interest deduction is not limited. By the end of 1960, the interest in default was $3,589,255, and Tampa enlarges the figure annually by the interest amount of $94,850. If the Government did not act now, it could not later retrieve the tax that is leaking out of this loophole, because the statute of limitations generally prevents reopening tax years more than three years old. 26 U.S.C. § 6501(a) (1964).

Of course, there would be no leakage if both corporations in the conglomerate gave like treatment to the debt, because Tampa would then accrue a deduction of $94,850 per year while Seaboard would accrue income of the same amount. But Seaboard did not report this income on the theory that there was little likelihood of ever receiving the money. In other words, for one corporation, Tampa, the debt justifies accruing a deduction; but for the other corporation, Seaboard, the debt does not justify accruing income. But both corporations are under the same control. We believe there is a duty of consistency to treat this debt as having lost its efficacy for tax purposes of an interest deduction.

Affirmed.